Collier Shannon Scott, PLLC
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
202.342.8400 TEL
202.342.8451 FAX

## Collier Shannon Scott

August 23, 2002    **ORIGINAL**

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The Honorable Richard K. Eaton
c/o The Honorable Leo M. Gordon, Clerk of the Court
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

> Re:   <u>Nippon Steel Corp., et al. v. United States, Consol. Court No. 01-00103</u>

Dear Judge Eaton:

    This letter, on behalf of Defendant-Intervenors, Allegheny Ludlum et al., is in response to the Court's invitation to the parties to submit a letter of no more than two pages attaching any relevant materials of which the parties may feel the Court should take notice. Defendant-Intervenors have no additional materials to bring to the attention of the Court. In addition, the Defendant-Intervenors oppose the attempts by the Plaintiffs to add extra record evidence to the record of this case.

    It is our understanding that the Plaintiffs seek to submit to the Court for consideration a remand opinion of the International Trade Commission in another case for the specific purpose of entering into the record of this case a statement of Commissioner Miller made in a remand determination in <u>Usinor Industeel S.A., et al. v. United States</u> (Consol. Ct. No. 01-00006), concerning her views on how the term "likely" in 19 U.S.C. 1675(c) should be or has been interpreted by her in that case. Defendant-Intervenors oppose this request on at least three grounds.

    First, nothing in the Usinor remand determination states that the standard discussed in that remand was specifically applied in this case. It is therefore irrelevant to the Court's consideration of this case.

    Second, any statement of Commissioner Miller concerning her concept of the definition of "likely" is being entered on the record as a fact, and that fact is not a part of the administrative record of this case. The Court's review of this action commenced pursuant to 28 U.S.C. § 1581(c) is limited by statute to complaints "contesting any factual findings or legal conclusions upon which the determination is based." 19 U.S.C. § 1516a(a)(2)(A)(ii). The evidence on the record to be reviewed is strictly limited to "all information presented to or obtained by the . . .

The Honorable Richard K. Eaton
August 23, 2002
Page 2

Commission during the course of the administrative proceeding." 19 U.S.C. § 1516a(b)(2)(A) ; see also 19 C.F.R. § 207.2(f). (ITC regulatory definition of the administrative record). It would be contrary to the Court's grant of jurisdiction to consider evidence other than that properly on the administrative record.

Third, anything that any Commissioner has said in another proceeding that occurred after the Commission's decision in the underlying determination in this case must be considered a *post-hoc* rationalization which the Court may not properly consider. Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). The Court is required to base its review "'solely on the grounds invoked by the agency.'" Id.

In this case, the Commission very clearly set forth the standard of review in its determination. See Grain-Oriented Silicon Electrical Steel From Italy and Japan, Inv. Nos. 701-TA-355 and 731-TA-659-660 (Review), USITC Pub. 3396 (Feb. 2001). The Court has now heard argument that substantial evidence supports the Commission's finding that revocation of the orders on grain-oriented electrical steel is likely to lead to continuation or recurrence of material injury to the domestic industry. The Court's review of this determination should be limited to the facts and legal conclusions contained in that determination. The Court has before it all of the information necessary to find that the Commission's decision is supported by substantial evidence and is not contrary to law.

Because it is not necessary for the Court to consider the extra-record information and *post-hoc* rationalizations proffered by Plaintiffs, there is also no need to consider any further explanation from documents filed in other cases offered by the Commission. Any document presented to rebut or explain the documents offered by Plaintiffs would also be a *post-hoc* rationalization that should not be considered by the Court.

         Respectfully submitted,

         DAVID A. HARTQUIST
         KATHLEEN W. CANNON
         R. ALAN LUBERDA

         Counsel to Defendant-Intervenors

## PUBLIC CERTIFICATE OF SERVICE

### Nippon Steel Corporation v. United States
### CIT Court No. 01-00103

I hereby certify that on August 23, 2002, copies of the foregoing submission were served upon the following by first-class mail, post prepaid:

**On Behalf of the U.S. International Trade Commission:**
Lyn M. Schlitt, Esq.
James M. Lyons, Esq.
Office of General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436

**On Behalf of Kawasaki Steel Corporation:**
Robert H. Huey, Esq.
Arent, Fox, Kintner, Plotkin & Kahn
1050 Connecticut Ave., N.W.
Washington, DC 20036

**On Behalf of Nippon Steel Corporation:**
Joseph H. Price, Esq.
Gibson, Dunn & Crutcher
1050 Connecticut Ave., N.W.
Washington, DC 20036

**On Behalf of Acciai Speciali Terni S.p.A & Acciai Speciali Terni USA, Inc.:**
Lewis E. Leibowitz, Esq.
Hogan & Hartson
555 Thirteenth Street, N.W.
Washington, DC 20004

R. ALAN LUBERDA


8/23/02




AUG 2 9 2002

Copy To: Judge Eaton